## COMMONWEALTH *versus* EPHRAIM BRIGHAM.

The *St.* 1832, *c.* 130, § 3, provides that a person convicted in the Court of Common Pleas, may, in certain cases, appeal therefrom to this Court, if the appeal shall be claimed in a convenient time before the rising of the court in which such conviction shall be had, and if he shall within such convenient time recognize to the Commonwealth with sureties for his personal appearance at the court appealed to, and for the prosecution of the appeal, and that the party so appealing shall be in custody, until he shall so recognize, or until he shall be sentenced for want of such recognizance. It was *held*, that such person is not entitled to an appeal, unless he enters into a recognizance within the time prescribed by the statute, and that his remaining in custody is not equivalent to such recognizance. (But see Revised Stat. *c.* 138, § 5.)

THE defendant was indicted for forgery, in the Court of Common Pleas at its June term in 1834, and, having been found guilty, claimed an appeal to the Supreme Judicial Court. The Court of Common Pleas thereupon ordered him to enter into a recognizance with sufficient sureties in the sum of $ 2000, conditioned, that he should prosecute his appeal before the Justices of the Supreme Judicial Court, and abide the sentence therein given, and to be in custody until he should so recognize, or be sentenced for want of such recognizance. On the last day of the term of the Court of Common Pleas, the defendant was brought into court, and having failed to furnish sureties according to the terms of the order, he was sentenced by the court, *Strong* J. presiding, to solitary imprisonment for one day, and to hard labor in the State prison for four years.

The defendant objected to sentence being passed, and claimed a right to appeal, notwithstanding he had failed to furnish such sureties, he standing committed till the term of the court to which he had appealed.

*Sept* 30*th.* *Peters*, for the defendant.

*Austin* (Attorney General), and *Merrick* (District Attorney), for the Commonwealth.

*Oct.* 3*d.* SHAW, C. J. delivered the opinion of the Court. The only question in the present case is whether the defendant had a right of appeal to this Court, without entering into recognizance to prosecute his appeal, with sufficient sureties. This depends upon the construction of the statute giving the right

of appeal, *St.* 1832, *c.* 130, § 3. It provides, that a person convicted before the Court of Common Pleas, in the cases named, may appeal to the Supreme Judicial Court, provided the appeal be claimed within a convenient time before the rising of the court, and the party appealing shall within such convenient time recognize to the Commonwealth. And it further provides, that the party so appealing shall be in custody until he shall so recognize, or be sentenced for want of such recognizance.

There hardly appears any room for construction upon these provisions. The right of appeal is strictly conditional, and that upon a condition precedent. The condition is, to give such recognizance at such convenient time within the term. The appeal is from the conviction, not from the sentence. And the provision, that the party shall be in custody until he recognize, or be sentenced, carries a manifest implication, that he is to be sentenced in default of a recognizance.

It is argued, that the object of the recognizance is to secure the person of the appellant, to be forthcoming on the trial of the appeal, and that his remaining in custody is an equivalent security. But this, we think, is arguing on the mere probable intent of the legislature, against the plain provisions of the statute. It was competent for the legislature to allow a right of appeal, in such cases and upon such terms as they might prescribe, and, in this respect, it was in their power to take into their view, any considerations of justice and policy. We think they have put the matter beyond doubt, by giving the right of appeal only on the terms of providing sufficient sureties, and that the courts of justice are bound by the terms of the statute. This is, we believe, not a new provision in the recent act ; it is the revisal and reënactment of an old law, which has long had the same construction.*

*Exceptions overruled.*

* A different provision is made by the Revised Statutes, under which the convict shall have his appeal, if claimed in due season; and the appellant shall stand committed to abide the sentence of the appellate court, until he shal. recognize, &c. Revised Stat. *c.* 138, § 5